# In the United States District Court
# for the Southern District Of Georgia
# Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | *   CASE NO.: 2:15-cr-14 |
| v. | * |
| | * |
| ROBERT MILLER, | * |
| | * |
| Defendant. | * |

### ORDER

Presently before the Court are Defendant Robert Miller's ("Miller") Objections to the Magistrate Judge's Report and Recommendation dated October 30, 2015. Dkt. No. 38. After an independent and *de novo* review of the entire record, Miller's Objections are **OVERRULED**, and the Court **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Miller's Motion to Suppress Statements, dkt. no. 20, is **DENIED**. The Government is entitled to use the statements Miller made to law enforcement officials on June 23, 2015, in its prosecution of this case.

I. **Discussion**

Miller was indicted for distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); and

receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Dkt. No. 1. Miller filed a Motion to Suppress Statements, dkt. no. 20, and the Magistrate Judge conducted a hearing on this Motion on September 1, 2015. Dkt. No. 30. Special Agent William Kirkconnell ("Kirkconnell") with the Federal Bureau of Investigation testified at this hearing. Id. After providing the parties with a period of time to file post-hearing Briefs, the Magistrate Judge issued his Report recommending Miller's Motion be denied. Dkt. No. 38. Miller objects to this recommendation.

In his Objections, Miller essentially asserts that there were five factors present at his home on June 23, 2015, which indicate he was "in custody" for purposes of Miranda v. Arizona, 384 U.S. 436 (1966). First, Miller asserts Kirkconnell conveyed his suspicions that Miller was the person in possession of child pornography, which was a "major factor" indicating he was in custody during the interview. Dkt. No. 39, p. 4. Miller also asserts that the search of his home lasted for more than one and a half hours, and it is "reasonable to conclude" the interview lasted this long. Id. at p. 5. Miller contends Agent Kirkconnell's testimony that he informed Miller he was not under arrest is not credible. Miller alleges that, when he went to the restroom, an officer escorted him and stood by the door the

entire time. Finally, Miller contends he was not released at the end of the questioning by officers.

These factors are the same factors Miller set forth before the Magistrate Judge. Dkt. No. 38, pp. 4-5. The Magistrate Judge thoroughly and accurately discussed the applicable case law, and that need not be recounted at length. The Court's analysis yields the same conclusion as found by the Magistrate Judge—Miller was not in custody at the time Kirkconnell interviewed him. Thus, Miller was not entitled to the protections afforded under Miranda, and his statements will not be suppressed.

Miller's Objections emphasize his displeasure with the Magistrate Judge's findings and conclusions of law. However, the Magistrate Judge adequately analyzed whether Miller intended to arrest Miller, the duration of the interview[1], and whether a reasonable, innocent person would have felt he was free to terminate the interview or to leave. The Court need not revisit that analysis at length as the Magistrate Judge correctly

---

[1] Miller argues that it is impossible that the interview lasted only five to eight minutes because thirteen topics were discussed in the interview. Dkt. 39, p. 5. There is no evidence before the Court that thirteen different topics were touched upon in this interview; rather, the evidence reveals that, even if Miller provided answers to thirteen questions, most of these questions concerned one topic— Kirkconnell's investigation of probable cause to believe someone at Miller's residence was in possession of child pornography. Additionally, there is no evidence before the Court indicating the interview lasted any longer than five to eight minutes' time. While the search lasted approximately one and a half hours, the interview did not.

applied the pertinent law. However, the Court will specifically address the credibility of Kirkconnell's testimony that he told Miller he was not under arrest as well as Miller's assertion that he was escorted to the restroom, as these points require further comment.

The Magistrate Judge credited Kirkconnell's testimony at the hearing that he told Miller he was not under arrest, although Kirkconnell omitted this occurrence from his report completed the same day as the interview. Miller has declared, via affidavit, that Kirkconnell did not tell him he was not under arrest. However, the Magistrate Judge, as the conductor of the evidentiary hearing, was in position to make credibility findings. United States v. Thelisma, 615 F. App'x 664, 665 (11th Cir. 2015) ("'Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.'") (quoting United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002)). Having conducted a de novo review of the entire record, the Court sees no reason to disturb those findings.

In addition, the fact that another officer on the scene decided to arrest Miller after child pornography was found on his computer has no bearing on Kirkconnell's intent to arrest

Miller. Moreover, Kirkconnell's or another officer's subjective intent to arrest Miller is irrelevant to this Court's determination of whether, under the totality of the circumstances, Miller was "in custody" at the time of the interview. See, e.g., United States v. Lall, 607 F.3d 1277, 1284 (11th Cir. 2010) ("No particular fact in the 'custody' analysis is outcome determinative—[the court] simply weigh[s] the totality of the circumstances[,]" which is an objective inquiry.) (internal citation omitted).

Further, Miller's contention he was escorted to the restroom and an officer stood outside of the door does not tip the totality of the circumstances in favor of an "in custody" finding. Kirkconnell testified that, although Miller was free to move around his house, for the sake of the safety of the officers at the scene, Miller was going to be escorted if he had to go to the bedroom where the computer was being searched or to the restroom. Dkt. 35, pp. 13, 19. This was especially true in this instance because Miller admitted that he had a shotgun in his bedroom and a handgun in his car. Id. at p. 27.

## II. Conclusion

For the above stated reasons, Miller's Objections are **OVERRULED**. The Court **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Miller's Motion to Suppress Statements, dkt. no. 20, is **DENIED**.

The Government is entitled to use the statements Miller made on June 23, 2015, in its prosecution of this case.

**SO ORDERED**, this 9 day of December, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)